# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. 4:12CR144 |
| | § | |
| GREGORY BRUCE RALSTON | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court is the request for revocation of Defendant's supervised release. After the District Court referred the matter to this Court for a report and recommendation, the Court conducted a hearing on August 8, 2012, to determine whether Defendant violated his supervised release. Defendant was represented by Robert Arrambide. The Government was represented by James Peacock.

On February 4, 2000, Defendant was sentenced by the Honorable Richard A. Schell, United States District Judge, to a sentence of 78 months imprisonment followed by a 3-year term of supervised release, for the offense of felon in possession of a firearm. Defendant began his term of supervision on July 10, 2009.

On June 29, 2012, the U.S. Probation Officer filed a Petition for Offender Under Supervision (the "Petition") (Dkt. 3). The Petition asserts that Defendant violated the following conditions of supervision: (1) Defendant shall not commit another federal, state or local crime; (2) Defendant shall refrain from any unlawful use of a controlled substance; (3) Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance,

1

or any paraphernalia related to such substances, except as prescribed by a physician; (4) Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five (5) days of each month; (5) Defendant shall notify the probation within seventy-two (72) hours of any change in residence or employment; (6) Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons; (7) Defendant shall participate in a program approved by the U.S. Probation Office for treatment of narcotic or drug or alcohol dependency which will include testing of the detection of substance use or abuse. It is ordered that the defendant shall contribute to the costs of services rendered in an amount to be determined by the U.S. Probation Officer, based on ability to pay or availability or third-party payment.

The Petition alleges that Defendant committed the following violations: (1) On April 7, 2011, Defendant committed the misdemeanor offense of failure to stop at accident as alleged in Tarrant County Criminal Court, Case No. 1242921. Defendant was convicted of this offense on July 15, 2011, and sentenced to 60 days confinement in the Tarrant County jail; (2) On September 9, 2011, September 19, 2011, and October 4, 2011, Defendant submitted urine specimens that tested positive for methamphetamine. On November 8, 2011, Defendant submitted a urine specimen that tested positive for cocaine and opiates, and on January 30, 2012, he submitted a urine specimen that tested positive for cocaine. On all of the aforementioned occasions, Defendant either admitted to the drug usage and/or the urine specimens were confirmed positive by Alere Laboratories, Inc.; (3) Defendant failed to report for scheduled office visits on March 15, 2011, June 7, 2011, January 5, 2012, January 18, 2012, and February 15, 2012. Additionally, Defendant submitted delinquent monthly reports for the months of April, May, June, July, August, October, November, and December 2011. Defendant

has not reported to the U.S. Probation Office since January 30, 2012; (4) On February 29, 2012, this officer attempted a home visit at Defendant's last known residence and was advised by an unidentified adult male that Defendant was no longer living at the residence. Defendant failed to notify the probation officer of his change in residence; (5) Defendant has not worked since November 2010, at which time he was laid off from his job at a printing company. As of June 27, 2012, Defendant remains unemployed, and has been supported primarily through unemployment benefits and assistance from friends and family; and (6) On October 11, 2011, Defendant failed to report for random drug testing, and a drug treatment counseling session at Bob Alterman, LCDC, in Plano, TX. He also failed to report for random drug testing on March 2, 12, 19 and 24 and April 10, 2012.

At the hearing, Defendant entered a plea of not true to the alleged violations. The Government offered the testimony of Bill Gallimore, a supervising officer with U.S. Probation and tendered the report outlining Defendant's purported violations. Counsel for Defendant cross-examined the witness and argued that, while Defendant may have used drugs while on release, he was not in possession of them for the purposes of distribution. The Court finds that Defendant has violated the terms of his supervised release, that the violation is a grade B violation, and that his supervised release should be revoked. Defendant waived his right to allocute before the district judge and his right to object to the report and recommendation of this Court.

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984 and having considered the arguments presented at the August 8, 2012 hearing, the Court recommends that Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-one (21) months, with no

months supervised release to follow.  The Court further recommends that the sentence should be carried out at the Seagoville or Fort Worth facilities, if appropriate.

**SIGNED this 10th day of August, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE